IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00401-FDW

| | |
|---|---|
| JOSHUA L. BURR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MACON COUNTY SHERIFF'S OFFICE; ) <br> NC DOC; KRISTOPHER PRINCE; ) <br> ROBBIE HOLLAND, Sheriff, Macon ) <br> County Sheriff's Office; SCOTT MARION, ) <br> Sergeant, Medical Officer, Macon County ) <br> Sheriff's Office; LT. STEWART, ) <br> Lieutenant/Administrator, Macon County ) <br> Sheriff's Office; KAREN ALPHONSO, ) <br> Guard, Macon County Sheriff's Office. ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. §§ 1983.[1]

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

---

[1] Plaintiff is a pretrial detainee who is housed in the Macon County Detention Center awaiting disposition of several state charges relating to the possession and trafficking of methamphetamine.

1

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## II.     DISCUSSION

A.     Karen Alphonso

In his complaint, Plaintiff first alleges that on December 14, 2015, he and a fellow inmate in the Macon County Detention Center, Kristopher Prince, engaged in a heated verbal exchange that quickly escalated after Prince began pushing him repeatedly. Officer Alphonso responded to the scene, and ordered Plaintiff and Prince to "break it up" and Alphonso ordered Plaintiff to walk away. Plaintiff then requested that Alphonso remove Prince from the dorm to prevent future confrontations. Plaintiff began walking toward the door to leave and Alphonso placed herself between Prince and Plaintiff, however Prince suddenly ran around a table that separated them and began to strike Plaintiff from behind on the back of his head. Plaintiff alleges Alphonso did not intervene and try and stave off the attack and that he later underwent surgery to repair two broken vertebrae in his neck that he sustained in the attack and he was left paralyzed for over 30 days. (Compl. at 3).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments", U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). Claims regarding conditions of confinement brought by pretrial detainees in state custody are examined under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the

convicted prisoner . . ." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). "[W]hen the States takes a person into custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989) (internal citation omitted). In Kingsley v. Hendrickson, the Supreme Court held that with regard to a pretrial detainees' claim of a due process violation, the detainee need only show that the officers' actions were "objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015).

Plaintiff's claim against Officer Alphonso fails because his allegations fall short of demonstrating her actions when the second fight broke out were objectively unreasonable. Alphonso was able to break up the first fight and get Plaintiff and Prince separated. Further, Plaintiff followed her order to walk away from Prince, however it was Prince that spontaneously broke into a run towards Plaintiff in effort to renew the attack. That Alphonso was not able to beat him to Plaintiff is not objectively unreasonable, particularly because Prince ran around a table and past Alphonso in order to attack Plaintiff. (Compl. at 5).

B.  Kristopher Prince

Plaintiff seeks monetary damages from Prince based on the injuries he suffered in the assault. First, this is a purely state law claim of either misdemeanor assault and battery, or felony, and there is no indication there is diversity or that the amount in controversy is satisfied. See 28 U.S.C. § 1332.[2] Second, in order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

---

[2] According to the website maintained by the North Carolina of Public Safety, Adult Corrections Division, Prince has convictions in North Carolina dating to 2010, and he has present charges that were filed in 2016, thus it would appear he is a citizen and resident of North Carolina, as is Plaintiff.

3

Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted).[3] As noted, Plaintiff's claims against Prince are state charges and there is no indication whatever that Prince was serving as a state actor at the time of the alleged assaults. For these reasons, this claim will be dismissed.

    C.    Robbie Holland

Plaintiff next alleges Defendant Sheriff Robbie Holland released Plaintiff to "DOC" custody and then proceeded to lie to Plaintiff's "mother about my whereabouts and condition." Plaintiff also maintains Sheriff Holland committed libel and uttered slanderous statements to The Franklin Press and WLOS by claiming that Plaintiff had already admitted ownership of the methamphetamine.

The first allegation is utterly baseless and will be dismissed. The second allegation will be dismissed because Plaintiff has failed to show that libel and slander (state law claims) implicate federally protected rights.

    D.    Scott Martin

While detained in the Macon County Detention Center, Plaintiff was taking unnamed, prescribed medications. Plaintiff was later transferred to the Clay County Detention Center in August 2016 at the request of his lawyer. On October 15, 2016, a nurse employed by the Clay County Detention Center advised Plaintiff that she had made repeated efforts to obtain his medication from the Macon County Detention Center. Lt. Stewart learned of the nurse's efforts to obtain the medication and inquired about the reason for the delay whereupon the nurse opined that Medical Officer Marion had been intentionally avoiding her phone calls. As a result of the delay in his medication, Plaintiff suffered what a doctor at Clay County Detention Center

---

[3] Any claims against the Macon County Sheriff's Office and the NC DOC are subject to dismissal because those defendants are not considered "persons" within the meaning of § 1983.

described as an "allergic reaction." (Id. at 4).[4]

Claims under 42 U.S.C. § 1983 based on an alleged lack of and/or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care.

---

[4] Plaintiff's lawyer requested that Lt. Stewart transfer him to the Clay County Detention Center because he was not allowed to be in general population in Macon County Detention Center.

No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

First, Plaintiff admits that he wants to pursue a medical malpractice claim against Marion and Lt. Stewart for actions or omissions regarding the medication so the claim would appear to sound in state law. (Compl. at 4). Second, Marion may have believed that Plaintiff no longer needed the medication. Third, Plaintiff only claims he had one allergic reaction and he makes no mention of the severity of it or any long-lasting complications.

Next, Plaintiff claims that on Halloween in 2016 his inmate trust account was billed nearly $73 for medical prescriptions by Sgt. Marion. Plaintiff contends that he was wrongly charged for this medicine because it should have been paid for by the State. Plaintiff also claims that Marion refused Plaintiff's request to have his blood pressure tested. The first claim fails to present an actionable claim in a § 1983 proceeding. At best, it appears it could be pursued as a state misdemeanor larceny or embezzlement charge against Marion. In addition, Plaintiff does not contend that Marion's refusal to take his blood pressure caused him any physical pain or complication; therefore he has failed to state a constitutional claim for deliberate indifference.

In his final claim, Plaintiff moves the Court for an order transferring him to either Clay County or Jackson County Detention Center; however it is well-settled that inmates generally have no protected liberty right in being transferred to another prison upon request. See Hewitt v. Helms, 459 U.S. 460, 468 (1983), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)).

III.     CONCLUSION

Based on the foregoing, the Court finds Plaintiff fails state any claim upon which relief can be granted and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 11, 2017

Frank D. Whitney
Chief United States District Judge